FILED
2013 AUG -8 AM 11:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DARNEE TALSTRA et al.,<br><br>　　　　Defendants. | Case No. SACV 13-1152-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |

　　The Court hereby summarily remands this unlawful-detainer action to state court because Defendant Myron Mayerovitch removed it improperly.

　　On July 31, 2013, Defendant, having been sued in a routine unlawful-detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter under separate cover because the action was not properly removed. The Court also issues this separate order remanding the action to the state court to prevent it from

1

remaining in jurisdictional limbo. Remand is necessary because Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, Defendant's removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer Complaint clearly recites that the amount in controversy "does not exceed $10,000.00" (Compl. at 1), and Plaintiff requests $5518.36 in actual damages plus interest (Ver. Compl. at 6).

Plaintiff's unlawful-detainer action also fails to raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). To the extent Defendant asserts that federal-question jurisdiction exists because he plans to assert some sort of defense under the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 (see Notice of Removal at 2-3), it is well established that a suit "arises under" federal law within the meaning of § 1331 "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."[1] Vaden v. Discover Bank,

---

[1] Plaintiff's Complaint references compliance with the PTFA, but that is not sufficient to confer federal jurisdiction. See Deutsche Bank Nat'l Trust Co. v. Eaddy, No. 12-CV-01845 YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.").

556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (alteration in original). Federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." Id. at 60. Because the Complaint on its face alleges only an unlawful-detainer action under state law, no basis for federal-question jurisdiction exists. See HSBC Bank USA, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (remanding unlawful-detainer action because "no basis for 'federal question' jurisdiction" existed despite defendant's assertion of federal counterclaims).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive West, Santa Ana, California 92701, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of it on the parties.

DATED: 8/6/13

GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge